## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                                In Proceedings
                                                      Under Chapter 7
CABINET CONNECTION, INC.
                                                      Case No. 05-61257
        Debtor(s).

<u>OPINION</u>

       This matter is before the Court on an objection to claim filed by Bank and Trust Company

("Bank & Trust"), and on the response filed by First National Bank of Dieterich ("First National").

The parties have stipulated to the following facts: First National holds two separate promissory notes

of the debtor, each note secured by different collateral.  Note #107831 is secured by a second

mortgage on real estate.  The parties have not indicated the current balance on that note, although

the original principal amount of the note was $473,500.00.  Note #107895 is secured by a third

mortgage on the same real estate and by a Busellato Jet 3006 with router table.   As of September

19, 2005, the balance owed on note #107895 was $74,857.32.

       During the morning of September 19, 2005, First National set off funds in debtor's checking

account and applied those funds as follows:

        – $2,132.61 to note #107895
        – $73,736.44 to note #107895
        – $38,803.45 to note #107831
        – $3,146.48 to note #107831

The funds applied by First National were sufficient to satisfy note #107895 in full.  Later in the day

on September 19, 2005, First National changed the application of the funds so that only a payment

of $2,132.61 was applied to note #107895.  The remaining funds were instead applied to note

#107831.

First National contends that on the same day (September 19, 2005), one of its officers sent a letter to debtor's president informing him of the "second" setoff and of the application of the funds to note #107831. Debtor's president does not recall receiving that letter. On or about October 3, 2005, First National sent debtor a checking account statement for the month of September 2005. Among the attachments to the statement were "advices of adjustment" reflecting only the initial payment applications made on September 19, 2005 (*i.e.*, the payments sufficient to satisfy note #107895).

On October 5, 2005, debtor filed a chapter 7 bankruptcy petition. First National filed a secured claim for $425,373.18, listing its collateral as "Real Estate" and "Busellato Jet with Router Table." Bank & Trust objected to the claim on the basis that First National actually holds two separate claims, one based on note #107831 and one based on note #107895. Bank & Trust argues that First National should be required to file two separate claims, and that the claim based on note #107895 should be disallowed because, pursuant to the "first" setoff, that note was paid in full.

At the hearing on Bank & Trust's objection, the trustee indicated that the issue before the Court was a matter between two secured creditors, and that he was "neutral" on the matter. He further stated that while he did "have a preference" as to the resolution of the objection, his preference was not "germane" to the Court's decision. After the matter was taken under advisement, the trustee filed a "Statement to the Court," in which he asserts that if Bank & Trust prevails in its position, "this will increase the possibility of additional dividends to the unsecured creditors of this estate." The trustee, however, has not actually objected to First National's claim, nor did the trustee specifically ask, in his "Statement to the Court," that First National's claim be disallowed.

While the trustee has not objected to the claim at issue, Bank & Trust contends that under

11 U.S.C. § 502(a), any "party in interest" may object to a claim.[1]    A party in interest means "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *Matter of FBN Food Services, Inc.*, 82 F.3d 1387, 1391 (7th Cir. 1996) (citing *In re James Wilson Associates*, 965 F.2d 160, 169 (7th Cir. 1992)).  *See also Power Five, Inc. v. General Motors Corp.*, 219 B.R. 513, 517 (Bankr.S.D.Ind. 1998) (creditors of debtor are parties in interest within the meaning of §502).   In the instant case, Bank & Trust has a security interest in debtor's personal property, including debtor's equipment, inventory, and accounts receivable.   Bank & Trust argues that if its objection is sustained, First National would have no security interest in the routing machine, and Bank & Trust would be entitled to the proceeds from the sale of the machine.  Since Bank & Trust has a direct financial stake in the outcome of its objection, it qualifies as a "party in interest" under §502(a).

At the hearing on the objection to claim, counsel for Bank & Trust did not appear to dispute First National's right to set off funds in debtor's account.  Rather, counsel argued that once First National applied those funds a certain way, it could not change the application of the funds without debtor's consent.  In support of its position, Bank & Trust cites *Associated Lumber Industries, Inc. V. Grammar*, 369 N.E.2d 530 (Ill.App.Ct. 1977), which held that "[a]lthough a creditor is not bound by his own uncommunicated application, he is bound once he communicates this application to the debtor." *Id*. at 532.  Citing section 392 of the *Restatement of Contracts*, the court stated that "[a]n application of a payment once rightfully made by one party cannot thereafter be changed without the manifest assent of the other." *Id*.

---

[1]  Section 502(a) provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects."  11 U.S.C. §502(a).

In the instant case, First National initially applied the funds obtained by setoff in full satisfaction of note #107895, but later the same day changed the application of those funds to satisfy note #107831.   The parties have submitted a copy of a letter dated September 19, 2005 from First National to Greg Bierman, debtor's president, informing him of the **second** application.   The Stipulation of Facts submitted by the parties states that First National's file does not contain any proof that this letter was returned to First National because of insufficient postage, the wrong address, or for any other reason.   The Stipulation further states that Greg Bierman "does not recall" receiving the letter.

Under Illinois law, "[t]here is a presumption that a letter mailed with the proper address and postage is received."   *Clark  v. Robert W. Baird Co., Inc.*, 152 F.Supp.2d 1040, 1044 ( N.D. Ill. 2001) (citations omitted).   *See also First Nat'l Bank of Antioch v. Guerra Construction. Co., Inc.*, 505 N.E.2d 1373, 1376 (Ill.App.Ct. 1987) (correspondence is presumed received if placed in a properly addressed envelope with adequate postage and deposited in the mail).   The presumption may be rebutted by evidence that the letter was not received, and once rebutted, the issue becomes a question of fact.   *Clark* at 1044 (citations omitted).

In the instant case, Bank & Trust argues that Greg Bierman denies receiving the letter from First National and that his denial is sufficient to rebut the presumption that the letter was received.  However, the Stipulation of Facts submitted by the parties states only that Greg Bierman "does not recall" receiving the letter.   The Stipulation does **not** provide that Mr. Bierman actually **denies** receiving the letter.   While Bank & Trust argues, in its brief, that Mr. Bierman **denies** receipt of the letter, "[a]rguments in brief are not evidence, so they are insufficient to rebut the presumption of mailing."   *Id*. (citing *Box v. A & P Tea Co.*, 772 F.2d 1372,1379 n.5 (7th Cir. 1985)).   The party

4

seeking to rebut the presumption that a letter was received must come forward with evidence.  *Id.* (citing *Brill v. Lante Corp.*, 119 F.3d 1266,1275 (7th Cir. 1997)).  Here, Bank & Trust failed to come forward with evidence sufficient to rebut the presumption that Greg Bierman received First National's letter of September 19, 2005.  In the absence of such evidence, the presumption stands. The Court, therefore, can only conclude that Mr. Bierman received the September 19th letter and was thus informed of First National's second, and final, application of the funds to note #107831.

    Bank & Trust also argues that debtor received "advices of adjustment" reflecting the first setoff.  However, those advices were not received until on or about October 3, 2005, approximately fourteen days after the setoff occurred.   Since the Court has already concluded that debtor received First National's correspondence dated September 19, 2005 informing debtor that the funds had been applied to note #107831, debtor's receipt of the advices of adjustment on October 3, 2005 (reflecting the application of the funds to note #107895) is irrelevant.

    Accordingly, for the reasons set forth above, IT IS ORDERED that Bank & Trust's objection to the claim filed by First National is OVERRULED.

    See Order entered this date.

ENTERED: October 20, 2006

_____/s/ Kenneth J. Meyers_____
UNITED STATES BANKRUPTCY JUDGE